## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## THIRD DIVISION

UNITED STATES OF AMERICA,                                    Criminal No. 05-359 MJD/AJB

  Plaintiff,

v.                                                                        **REPORT AND RECOMMENDATION**

OSCAR ARMANDO HERRERA-DISCUA,

  Defendant.


  Tricia A. Tingle, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

  Arthur R. Martinez, Esq., for the defendant, Oscar Armando Herrera-Discua.


  This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on November 29, 2005, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The Court issued an Order on Motions dated November 30, 2005, reserving defendant Oscar Armando Herrera-Discua's Motion to Suppress Evidence Obtained Pursuant to Search Warrant [Docket No. 48] for submission to the District Court on report and recommendation. Eighteen search warrants were received as exhibits[1] to be reviewed by the court with respect to the suppression motion. No testimony was presented at hearing and the motion is considered on the documentary exhibits alone.

  Based upon the file and materials contained therein, including exhibits received at

---

[1] The exhibits are identified by Nos. 1–15 and Nos. 17–19. No. 16 was inadvertently not used when the government marked its exhibits.

hearing, the Magistrate Judge makes the following:

**<u>Findings</u>**

    1. On July 2, 2005, United States Magistrate Judge Susan Richard Nelson issued a warrant to search Express Mail Package Number DE 937 059 295 US addressed to "Oscar - HERRERA, P.O. Box - 685, Willmar - M.M. 56201", bearing a return address of "Celso - RiVERA, 11004 - 4th - ST, Laurel - D.E. 19956".  (Hearing Exh. No. 1).  The search warrant identified the objects of the warrant as Fraudulent Identification Documents.  The warrant was issued on the basis of probable cause contained in the affidavit of United States Postal Inspector June Beinhorn, including information obtained by mail watch conducted by postal employees.  The mail watch consisted of observation of mail receipt and mail sending patterns to particular addresses; observations that mail was being sent to individuals not known to have postal connections with particular addresses; observation that packages were being sent to and from cities in Delaware known to be areas in which fraudulent identification cards were produced; and a postal inspector's report that fraudulent Puerto Rican identification documents were being sent to Minnesota from individuals in Delaware and Puerto Rico.

    2. Evidence of an offense was obtained as a result of the July 2, 2005, warrant.  On August 2, 2005, United States Magistrate Judge Jeanie S. Mayeron issued two additional warrants to search particularly identified packages.  (Hearing Exh. Nos. 2 and 3).[2]  The warrants were issued on

---

  [2] Express Mail Package Number ED 937059366 US addressed to "OSCAR-HERRERA, PO BOX 685, Willmar, MN 56201" bearing a return address of: "Javier-Castillo, 11004 4th St. Laurel, DE 19956," and Express Mail Package Number ED 851334075 US addressed to: "Oscar Lainez, PO Box 1072, Selbyville, DE 19975" bearing a return address of "Oscar Herrera, PO BOX 685, Willmar MN 56201."

the basis of probable cause contained in the affidavits of United States Postal Inspector Tina L. Lathrop. The warrant affidavits recited the same probable cause evidence that was submitted with respect to the July 2, 2005, warrant, with the addition of a paragraph describing the evidence obtained pursuant to that warrant (10 Puerto Rican birth certificates and 10 Social Security cards). Thereafter, a series of postal search warrants were issued by United States Magistrate Judges with each warrant affidavit cumulatively reciting all of the probable cause evidence that had been submitted in support of the prior warrant application, and further adding a description of the evidence obtained pursuant to the immediately previous warrant. Each of the postal warrants particularly identifies the item to be searched by package number, and each package contained defendant Oscar Herrera's name as either the sender or the recipient of the package. In addition, each warrant describes the object of the search as either fraudulent identification documents, or U.S. currency and/or money orders used to purchase fraudulent identification documents, or both documents and money.

On August 4, 2005, Magistrate Judge Mayeron issued a warrant (Hearing Exh. No. 4) to search a package[3] based upon the affidavit of Postal Inspector Tina Lathrop which incorporated evidence obtained pursuant to the August 2, 2005, warrants (9 Puerto Rican birth certificates and 9 Social Security cards revealed in package addressed to Oscar Herrera and $3700.00 in U.S. currency revealed in package bearing Oscar Herrera's return address).

On August 8, 2008, Magistrate Judge Mayeron issued a warrant (Hearing Exh. No. 5)

---

[3] Express Mail Package Number ED 851341972 US addressed to: "Oscar Lainez, PO Box 1072, Selbyville, DE 19975" bearing a return address of "Oscar Herrera, PO BOX 685, Willmar MN 56201."

to search a package[4] based upon the affidavit of Postal Inspector Tina Lathrop which incorporated evidence obtained pursuant to the August 4, 2005, warrant (2 Puerto Rican birth certificates, 2 Social Security cards and $3300.00 in U.S. currency).  On August 9, 2005, Magistrate Judge Mayeron issued a warrant (Hearing Exh. No. 6) to search a package[5] based upon the affidavit of Postal Inspector Tina Lathrop which incorporated evidence obtained pursuant to the August 8, 2005, warrant (7 Puerto Rican birth certificates and 7 Social Security cards).  On August 12, 2005, Magistrate Judge Mayeron issued a warrant (Hearing Exh. No. 7) to search a package[6] based upon the affidavit of Postal Inspector J.K. Beinhorn which incorporated evidence obtained pursuant to the August 9, 2005, warrant ($5000.00 in U.S. currency).  On August 16, 2005, Magistrate Judge Mayeron issued a warrant (Hearing Exh. No. 8) to search a package[7] based upon the affidavit of Postal Inspector J.K. Beinhorn which incorporated evidence obtained pursuant to the August 12, 2005, warrant (7 Puerto Rican birth certificates and 7 Social Security cards).  On August 23, 2005, Magistrate Judge Mayeron

---

[4] Express Mail Package Number EQ 132673793 US addressed to: "OSCAR HERRERA, P.O. Box 685, WiLMar, MN 56201" bearing a return address of: "ANGEL. RiOS, 804 BootH St. AP.F, SALisbuRy, Md-21801."

[5] Express Mail Package Number ED 851342010 US addressed to: "Oscar Lainez, PO Box 1072, Selbyville, DE 19975" bearing a return address of "Oscar Herrera, P.O. Box 685, Willmar M.N 56201."

[6] Express Mail Package Number ED 591717225 US addressed to: "Oscar - HERRA, P.O Box - 685, Willmar - M.N. 56201" bearing a return address of: "Carlos - MaldoNado, P.O. Box - 1072, Selbyville - D.E 19975."

[7] Express Mail Package Number ED 851342173 US addressed to: "Oscar Lainez, PO Box 1072, Selbyville, DE 19975" bearing a return address of "Oscar Herrera, P.O. Box 685, Willmar M.N 56201."

issued a warrant (Hearing Exh. No. 9) to search a package[8] based upon the affidavit of Postal Inspector J.K. Beinhorn which incorporated evidence obtained pursuant to the August 16, 2005, warrant (3 Puerto Rican birth certificates, 3 Social Security cards, and $3200.00 in U.S. currency). On August 29, 2005, Magistrate Judge Mayeron issued a warrant (Hearing Exh. No. 10) to search a package[9] based upon the affidavit of Postal Inspector J.K. Beinhorn which incorporated evidence obtained pursuant to the August 23, 2005, warrant (3 Puerto Rican birth certificates, 3 Social Security cards, and $2100.00 in U.S. currency). On August 30, 2005, Magistrate Judge Mayeron issued a warrant (Hearing Exh. No. 11) to search a package[10] based upon the affidavit of Postal Inspector J.K. Beinhorn which incorporated evidence obtained pursuant to the August 29, 2005, warrant (8 Puerto Rican birth certificates and 8 Social Security cards).

On September 1, 2005, United States Magistrate Judge Arthur J. Boylan issued a warrant (Hearing Exh. No. 12) to search a package[11] based upon the affidavit of Postal Inspector J.K. Beinhorn which incorporated evidence obtained pursuant to the August 30, 2005, warrant ($1500.00

---

[8] Express Mail Package Number ED 851343077 US addressed to: "Oscar Lainez, PO Box 1072, Selbyville, DE 19975" bearing a return address of "Oscar Herrera, P.O. Box 685, Willmar M.N 56201."

[9] Express Mail Package Number ED 825404100 US addressed to: "OscaR - HERRERA, P.O Box - 685, Willmar - M.N. 56201" bearing a return address of: "Carlos - Maldonado, P.O. Box - 1072, Selbyville - D.E 19975."

[10] Express Mail Package Number ED 851343355 US addressed to: "Oscar Lainez, PO Box 1072, Selbyville, DE 19975" bearing a return address of "Oscar Herrera, P.O. Box 685, Willmar M.N 56201."

[11] Express Mail Package Number ED 937058683 US addressed to: "Oscar - HERRERA, P.O. Box - 685 - 685, WillMaR - M.N. 56201" bearing a return address of: "OSMaN - Ponce, 11004 - 4th - ST, LauREL - D.E 19956."

in U.S. currency).  On September 6, 2005, Magistrate Judge Boylan issued a warrant (Hearing Exh. No. 13) to search a package[12] based upon the affidavit of Postal Inspector J.K. Beinhorn which incorporated evidence obtained pursuant to the September 1, 2005, warrant (11 Puerto Rican birth certificates and 11 Social Security cards).  On September 7, 2005, Magistrate Judge Boylan issued a warrant (Hearing Exh. No. 14) to search a package[13] based upon the affidavit of Postal Inspector J.K. Beinhorn which incorporated evidence obtained pursuant to the September 6, 2005, warrant (11 Puerto Rican birth certificates and 11 Social Security cards).  On September 13, 2005, Magistrate Judge Boylan issued a warrant (Hearing Exh. No. 15) to search a package[14] based upon the affidavit of Postal Inspector J.K. Beinhorn which incorporated evidence obtained pursuant to the September 7, 2005, warrant ($6450.00 in U.S. currency).  On September 16, 2005, Magistrate Judge Boylan issued a warrant (Hearing Exh. No. 17) to search a package[15] based upon the affidavit of Postal Inspector J.K. Beinhorn which incorporated evidence obtained pursuant to the September 13, 2005, warrant ($5550.00 in U.S. currency).   On September 22, 2005, Magistrate Judge Boylan issued a warrant

---

[12] Express Mail Package Number ED 339288405 US addressed to: "Oscar - HERRERA, P.O. Box 685, WillMaR - M.N. 56201" bearing a return address of: "Carlos - LoPEZ, P.O. Box - 805, Selbyville -  D.E 19975."

[13] Express Mail Package Number ED 851343718 US addressed to: "Oscar Lainez, P.O Box 1072, Selbyville, DE 19975" bearing a return address of "Oscar Herrera, P.O Box 685, Willmar M.N 56201."

[14] Express Mail Package Number ED 851343602 US addressed to: "Oscar Lainez, P.O Box 1072, Selbyville, DE 19975" bearing a return address of "Oscar Herrera, P.O Box 685, Willmar M.N 56201."

[15] Express Mail Package Number ED 851343602 US addressed to: "OSCAR HERRERA, P.O. Box - 685, Willmar, M.N. 56201" bearing a return address of: "MiRNA. HeRNANDEZ, 804-Booth-St-AP. C-2, SALiSbuRY, MD.  21801."

(Hearing Exh. No. 18) to search a package[16] based upon the affidavit of Postal Inspector J.K. Beinhorn which incorporated evidence obtained pursuant to the September 16, 2005, warrant (5 Puerto Rican birth certificates and 5 Social Security cards).

Finally, on October 5, 2005, United States Magistrate Judge Susan Richard Nelson issued a warrant to search the location described as "1236 Ramblewood Ave. SW, Wilmar, MN 56201, a small two story residence with basement, tan in color with dark brown shutters on the front window and an unattached garage accessible by the driveway on the right side of the residences. The number, "1236", is posted on the front of the residence in brass. There are two large trees, a small satellite dish and a green in color light pole in the front yard." (Hearing Exh. No. 19). The location is further identified in the supporting affidavit as the residence of Oscar Armando Herrera-Discua. The search warrant identified the objects of the warrant as printers, computers, computer disks, camera, stamps, paper, photos, fingerprint cards, ledgers, receipts, records, address books, telephone numbers, indicia of ownership or residency, lease agreements, bank records, money transfer documents, checking account information, cell phones and their contents, pagers and their contents, and other items relating to the manufacture, sale, and use of counterfeit identification materials. The warrant was issued on the basis of probable cause contained in the affidavit of United States Postal Inspector June Beinhorn, including postal search mail watch observations, information contained in previously issued and executed warrants to search packages, and evidence obtained by trash search.

---

[16] Express Mail Package Number EQ 001328322US US addressed to: "Oscar Lainez, P.O. Box 1072, Selbyville, DE 19975" bearing a return address of "Oscar Herrera, P.O Box 685, Willmar M.N 56201."

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**<u>Conclusions</u>**

Evidence obtained pursuant to a postal warrants to search particularly described packages (Hearing Exh. Nos. 1–15, 17 and 18), was not unlawfully obtained in violation of the constitutional rights of defendant Oscar Armando Herrera-Discua.  A warrant issued by United States Magistrate Judge Susan R. Nelson on July 22, 2005 (Hearing Exh. No. 1); warrants issued by United States Magistrate Judge Janie S. Mayeron on August 2, 2005 (Hearing Exh. Nos. 2 and 3), August 4, 2005 (Hearing Exh. No. 4), August 8, 2005 (Hearing Exh. No. 5), August 9, 2005 (Hearing Exh. No. 6), August 12, 2005 (Hearing Exh. No. 7), August 16, 2005 (Hearing Exh. No. 8), August 23, 2005 (Hearing Exh. No. 9), August 29, 2005 (Hearing Exh. No. 10), and August 30, 2005 (Hearing Exh. No. 11); and warrants issued by United States Magistrate Judge Arthur J. Boylan on September 1, 2005 (Hearing Exh. No. 12), September 6, 2005 (Hearing Exh. No. 13), September 7, 2005 (Hearing Exh. No. 14), September 13, 2005 (Hearing Exh. No. 15), September 16, 2005 (Hearing Exh. No. 17), and September 22, 2005 (Hearing Exh. No. 18), in each instance properly and sufficiently identified the particular package to be searched and the objects of the search.   In addition, each warrant was based upon sufficient probable cause as stated in the affidavit of either United States Postal Inspector June Beinhorn or United States Postal Inspector Tina Lathrop.  Furthermore, the successive warrants, each issued on the basis of cumulative evidence, were not tainted by probable cause evidence that can be construed as unlawfully obtained fruit of an initial warrant that was issued on the basis of evidence insufficient to establish probable cause.  The first warrant was lawfully issued in light of observed mailing patterns that were consistent with unlawful fraudulent document activity that

was known to be occurring, including frequent package mailings to and from individuals who did not have a known connection to an address provided on the package.  In any event, the initial warrant and all subsequent warrants were executed by postal agents having a objective good faith reliance on the validity of the warrants under circumstances in which there is no evidence that an issuing judge was intentionally or recklessly misled by false information in an affidavit; there is no suggestion that the judicial role was completely abandoned by an issuing judge; the indicia of probable cause in the affidavit is not insignificant; and the warrant is not facially deficient.  United States v. Hessman, 369 F.3d 1016, 1020 (2004)(citing United States v. Leon, 468 U.S. 897, 923, 104 S.Ct. 3405 (1984).  The postal search warrants in this matter were lawfully issued and executed and there is no requirement for suppression of evidence seized pursuant to the warrants.

      Evidence seized pursuant to a warrant to search the residence described as "1236 Ramblewood Ave. SW, Wilmar, MN 56201, a small two story residence with basement, tan in color with dark brown shutters on the front window and an unattached garage accessible by the driveway on the right side of the residences.  The number, "1236" , is posted on the front of the residence in brass. There are two large trees, a small satellite dish and a green in color light pole in the front yard," (Hearing Exh. No. 19) was not unlawfully obtained in violation of the constitutional rights of defendant Oscar Armando Herrera-Discua.  The residence search warrant was issued on October 5, 2005, and was based upon sufficient probable cause as stated in the affidavit of United States Postal Inspector June Beinhorn and as determined by United States Magistrate Judge Susan R. Nelson.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized

pursuant to the warrant.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that defendant Oscar Armando Herrera-Discua's Motion to Suppress Evidence Obtained Pursuant to Search Warrant be **denied**  [Docket No. 48].

Dated:    December 2, 2005

   s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before December 16, 2005.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.